UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TONJA WITMER,**<br><br>Plaintiff,<br><br>vs.<br><br>**CAPITAL ONE BANK, N.A.,**<br><br>Defendant. | Case No.   1:18-cv-77<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. TONJA WITMER (Plaintiff) brings this action to secure redress from CAPITAL ONE BANK, N.A. (Defendant) for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227] and the Pennsylvania Fair Credit Extension Uniformity Act, P.S. § 2270 et seq (the "FCEUA").

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in York County, Pennsylvania.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

COMPLAINT AND DEMAND FOR JURY TRIAL                                                                1

5. Defendant, is a corporation engaged in the business of collecting debt in this state and in several other states, with a principal place of business in Virginia. One of the principal purposes of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due.

## FACTUAL ALLEGATIONS

Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

6. Defendant constantly and continuously called Plaintiff at her telephone number ending in 4457. Defendant called Plaintiff upwards of two (2) to four (4) times in a single day from telephone number 800-955-6600.

7. Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment, including upwards of at least four (4) telephone calls in one day.

8. Within one year prior to the filing of this action, Defendant communicated with Plaintiff with such frequency as to be unreasonable under the circumstances and to constitute harassment.

9. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiff in connection with the collection of the alleged debt.

10. On or about August 30, 2017, Plaintiff answered one of Defendant's calls and advised an agent that Defendant was to cease placing any further calls to Plaintiff and her cellular telephone. Despite these clear instructions, Defendant continued to place its autodialed collection calls to Plaintiff's cellular telephone into October of 2017.

11. Upon information and belief, Plaintiff alleges that Defendant placed over forty five (45) autodialed collection calls to Plaintiff's cellular telephone after Plaintiff had revoked consent to receive such calls on her cellular telephone.

12. Defendant and/or its agent(s) used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place these aforementioned collection calls to Plaintiff. The

dead air that the Plaintiff experienced on the calls that she received (i.e., when Plaintiff answered there was several seconds where no other person was on the other end) is indicative of the use of an automatic telephone dialing system.

13. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's and/or its agent's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff.

14. The dead air is essentially the autodialer holding the call it placed to Plaintiff until the next available human agent is ready to accept it. Should the call at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

15. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

16. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. As of August 30, 2017, when Plaintiff first demanded that Defendant cease placing its calls to his cellular telephone, any such consent for Defendant to place its autodialed calls (assuming it existed in the first place), was revoked by Plaintiff. Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

18. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff

harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's privacy;

    b. Electronically intruding upon Plaintiff's seclusion;

    c. Intrusion into Plaintiff's use and enjoyment of his cellular telephone;

    d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

    e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls..

## FIRST CAUSE OF ACTION
### (Violations of the TCPA, 47 U.S.C. § 227)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    A. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    B. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

21. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

22. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### (Violations of the FCEUA, P.S. § 2270 et. seq.)

23. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

24. Defendant violated the Pennsylvania Fair Credit Extension Uniformity Act , P.S. § 2270 et seq (the "FCEUA"). Defendant's violations of the FCEUA include, but are not limited to, the following:

    c. Defendant violated 73 P.S. §§ 2270.4(b)(4)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    d. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25. As a result of the above violations of the FCUEUA, the Defendant is liable to the Plaintiffs for injunctive and declaratory relief and for actual damages, statutory damages, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL                                          5

(a)  An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b)  As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(c)  As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(d)  Actual damages pursuant to 73 P.S. § 201-9.2; and

(e)  Reasonable attorney's fees and costs pursuant to 73 P.S. § 201-9.2; and

(f)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f)  For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

DATE:  March 6, 2018                              RESPECTFULLY SUBMITTED,

/s/ Michael Alan Siddons
Michael Alan Siddons, Esquire
230 N. Monroe Street
P.O. Box 403
Media, PA 19063
msiddons@siddonslaw.com
Tel (610) 255-7500
Fax: (610) 514-5904